■ In the Matter of DORIS BARGER, Petitioner, v. ABE LAVINE, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Department of Social Services of the State of New York, dated May 25, 1973, which, after a statutory fair hearing, affirmed a determination of the respondent Department of Social Services of Nassau County to terminate petitioner's grant of aid to the disabled on the ground that the automobile owned by her and valued at $1,450 is a resource and that moneys which could be realized upon its sale can be used toward petitioner's maintenance. Determination annulled, on the law, without costs. A letter from petitioner's physician, attached to the petition, states that petitioner is being treated for rheumatoid arthritis and vertigo and because of this disability she is unable to use public means of transportation. Petitioner testified at the hearing, without contradiction, that the car was given to her in 1971 by her children, either directly or in the form of money, upon an agreement that if the car were sold the proceeds would belong, not to her, but to the children. Her testimony was supported by a sworn letter from her children which stated that they loaned her the money to purchase the car because the progression of her illness and arthritis made a car necessary for transportation to work and to doctors and for shopping. Petitioner alleges in her petition that *before* she became aware of the adverse determination of May 25, 1973 she transferred ownership and possession of the car to her financially overburdened son after his own car had broken down beyond repair. She further alleges she received no income from the transfer of the car. Under the circumstances, the determination of the State Commissioner that petitioner possessed the requisite degree of ownership to justify the withholding of $1,450 of assistance was not supported by substantial evidence. If we were not annulling the determination, we would remit the matter to the State Commissioner for a full development of all of the relevant issues, including that of petitioner's present physical condition. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ In the Matter of CLUB DACHE, LTD., Doing Business as CLUB DACHE ACT I, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated December 11, 1973, which cancelled petitioner's liquor license, effective December 18, 1973. Petition granted to the extent that the determination is modified, on the law, by reducing the penalty to a suspension of the license for a period of 30 days. As so modified, determination confirmed, without costs. Under the circumstances of this case, the punishment imposed was excessive and an abuse of discretion to the extent indicated herein. Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.